Patrick N. Keegan, Esq. (SBN: 167698)
Jason E. Baker, Esq. (SBN: 197666)
Brent Jex, Esq. (SBN: 235251)
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749

Attorneys for Plaintiff and Class

FILED

2008 MAY -6  PM 3: 03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JASON CLAVER, individually and on
behalf of all other persons similarly situated
and on behalf of the general public,

        Plaintiff,

vs.

COLDWELL BANKER RESIDENTIAL
BROKERAGE COMPANY, a California
corporation,

        Defendant.

Case No. **'08 CV 08 17  L  AJB**

**CLASS ACTION COMPLAINT FOR:**

**1)** **Failure To Indemnify Employees For Professional Liability Expenses Concerning Third Parties;**

**2)** **Failure To Indemnify Employees For Automobile Liability Expenses Concerning Third Parties; and**

**3)** **Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq.***

# **TABLE OF CONTENTS**

I.     INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    JURISDICTION & VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   PARTY ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.    FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V.     CLASS ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FIRST CAUSE OF ACTION
       Failure To Indemnify Employees For Professional Liability Expenses
       Concerning Third Parties  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SECOND CAUSE OF ACTION
       Failure To Indemnify Employees For Automobile Liability Expenses
       Concerning Third Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

THIRD CAUSE OF ACTION
       Unlawful and Unfair Business Acts and Practices
       (Violation of California Business & Professions Code §17200, *et seq.*)  . . . . . . . . 8

VI.    PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1    Plaintiff JASON CLAVER (hereinafter "Plaintiff" or "CLAVER"), on behalf of

2    himself and all others similarly situated, complains and alleges against COLDWELL

3    BANKER RESIDENTIAL BROKERAGE COMPANY (hereinafter "Defendant" or

4    "COLDWELL BANKER"), as follows:

## I.
## INTRODUCTION

1.    This is a class action under Rule 23 of the Federal Rules of Civil Procedure,

seeking compensation for insurance expenses paid for by Plaintiff and Class members as a

condition of their employment with Defendant, and reasonable attorneys' fees and costs

under California's labor laws.  Plaintiff, on behalf of himself and the Class members, also

seeks injunctive relief and restitution under Business and Professions Code §§ 17200 *et seq.*

of all benefits Defendant has enjoyed from its policy and practice of requiring Plaintiff and

Class members to pay for insurance expenses as a condition of their employment with

Defendant.

## II.
## JURISDICTION & VENUE

2.    This Court has subject matter jurisdiction over this controversy under 28 U.S.C.

§ 1332(d) in that the aggregate claims of the individual Class members exceeds the sum

value of $5,000,000, exclusive of interest and costs, and there exists "minimum diversity"

in that at least one member of the class of plaintiffs is a citizen of a State different from any

defendant.  Further, the number of members of all proposed plaintiff classes in the aggregate

is more than 100.

3.    Venue is proper under U.S.C. § 1391(c) because Defendant is subject to

personal jurisdiction in this judicial district, and Defendant has sufficient contacts in this

judicial district to subject Defendant to personal jurisdiction if this district was a separate

State. Defendant maintains numerous offices located throughout this district, regularly enters

into contracts throughout this district, and employs both employees and independent

contractors throughout this district.

## III.
## PARTY ALLEGATIONS

4.      Plaintiff Jason Claver is, and at all times relevant herein was, an adult resident of San Diego County in the State of California.  At all times during the Class Period, as defined herein, Plaintiff was duly licensed as a real estate salesperson through the State of California's Department of Real Estate, and was a "real estate salesman" as that term is defined by California's Business & Professions code section 10132.

5.      Defendant COLDWELL BANKER is organized under the laws of the State of California as a corporation.  Defendant's world headquarters is located at 1 Campus Drive, Parsippany, New Jersey 07054.  At all times during the Class Period, as defined herein, Defendant was and is a "real estate broker" as that term is defined by California's Business & Professions Code section 10131(a).

## IV.
## FACTUAL ALLEGATIONS

6.      During the Class Period, as defined herein, Defendant employed Plaintiff Jason Claver, as contemplated and required by California's Business & Professions Code section 10132, as a real estate salesperson at Defendant's offices located in San Diego County.  On or about May 23, 2006, Defendant and Plaintiff entered into an adhesive contract that Defendant titled "Independent Contractor Agreement" (the "Agreement").  Attached hereto as Exhibit "A" is a true and correct copy of the Agreement, which is incorporated herein in its entirety by this reference. Plaintiff's employment ended on or about June 1, 2007.

7.      Schedule "C" to the Agreement contains the terms and conditions of a program Defendant calls the "Coldwell Banker Benefits Program" (hereinafter the "Program").  Under the Program, Plaintiff and Class members were required to purchase, and did in fact purchase out of their own personal funds, insurance and/or indemnification related to legal claims brought by third parties against COLDWELL BANKER or Plaintiff and Class members or both, "for money damages or rescission, including, but not limited to, the service of a suit or institution of arbitration proceedings against COLDWELL BANKER or [Plaintiff and Class members], arising out of [Plaintiff and Class members]'s alleged acts or omissions under the

1  Independent Contractor Agreement." Attached hereto as Exhibit "B" is a true and correct

2  copy of Schedule "C" to the Agreement, which is incorporated herein in its entirety by this

3  reference.

4         8.     Under page 2, section 5(c) of the Agreement, Plaintiff and Class members were

5  required to purchase, and did in fact purchase out of their own personal funds, automobile

6  insurance with minimum policy limits of $100,000/$300,000 liability coverage and $100,000

7  property damage coverage, and to name Defendant Coldwell Banker as an additional insured.

8  Attached hereto as Exhibit "C" is a true and correct copy of the "Additional Insured Request

9  Form," which is incorporated herein in its entirety by this reference.

**V.**
**CLASS ALLEGATIONS**

10

11         9.     This action may properly be maintained as a class action pursuant to Rule 23

12  of the Federal Rules of Civil Procedure. The plaintiff Class is sufficiently numerous, since

13  it is estimated to include over one thousand Class members throughout California, the joinder

14  of whom in one action is impracticable, and the disposition of whose claims in a class action

15  will provide substantial benefits to both the parties and the Court.

16         10.   **Class Definition**: Without prejudice to later revision, the Class which Plaintiff

17  seeks to represent is composed of all persons who were employed as a real estate salesperson

18  by Coldwell Banker in the State of California (the "Class") during the period commencing

19  from four years prior to the filing of the original Complaint in this matter up until the date

20  of trial (the "Class Period").

21         11.   **Ascertainable Class**: The Class is ascertainable in that each member can be

22  identified using information contained in Defendant's payroll and personnel records.

23         12.   **Common Questions of Law or Fact Predominate**: There is a well-defined

24  community of interest in the questions of law and fact affecting the parties to be represented

25  for the Class. The questions of law and fact common to the Class predominate over

26  questions which may affect individual Class members. These questions of law and fact

27  include, but are not limited to, the following:

28

(a)   Whether Defendant violated California's labor laws by requiring its real estate salespersons to pay for the insurance and/or indemnification provided under the Coldwell Banker Benefits Program;

(b)   Whether Defendant violated California's labor laws by requiring its real estate salespersons to pay for additional automobile insurance and including Coldwell Banker as an additional insured;

(c)   Whether Defendant can classify its real estate salespersons as independent contractors for purposes of third party tort liability;

(d)   Whether Plaintiff and Class members are always employees, as a matter of law, for purposes of third party tort liability;

(e)   Whether Defendant required all Plaintiff and Class members to enter into a standardized Agreement as a condition of their employment with Defendant;

(f)   Whether Plaintiff and Class members are exempt from section 8 of IWC Wage Order 4-2001; and

(g)   Whether Defendant's systematic acts and practices violated, *inter alia*, California Labor Code §§ 221, 400-410, section 8 of IWC Wage Order 4-2001, and California Business & Professions Code §§ 17200 *et seq.*

13.   **Numerosity**: The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes that the Class consists of over one thousand persons. Individual joinder of members of the Class is also impracticable because the individual members are disbursed throughout California.

14.   **Typicality**:  Plaintiff and the Class members' claims for restitution and damages arise from and were caused by Defendant's wrongful conduct. Because Plaintiff was required to purchase insurance and/or indemnification for Defendant's benefit as a condition of his employment with Defendant, Plaintiff is asserting claims that are typical of the claims of each member of the Class. Plaintiff is like all other Class members because

1    Plaintiff has suffered the same injuries as those suffered by the Class. Since Plaintiff's

2    claims and the claims of Class members all derive from a common nucleus of operative facts,

3    Plaintiff is asserting claims that are typical of the claims of the entire Class.

4        15.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the

5    interests of the Class in that he has no disabling conflicts of interest that would be

6    antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is

7    antagonistic or adverse to the members of the Class and the infringement of the rights and

8    the damages he has suffered are typical of all other members of the Class so that he will

9    adequately represent the Class. Plaintiff has retained competent counsel experienced in class

10   action litigation and employment law to further ensure such protection and intends to

11   prosecute this action vigorously.

12       16.    **Superiority**: The nature of this action and the nature of laws available to

13   Plaintiff and the Class make the use of the class action format a particularly efficient and

14   appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged

15   because:

16       (a)    The individual amounts of damages involved, while not insubstantial, are such

17              that individual actions or other individual remedies are impracticable and

18              litigating individual actions would be too costly;

19       (b)    This case involves a large employer and a large number of individual

20              employees with many relatively small claims with common issues of law and

21              fact;

22       (c)    If each Class member were required to file an individual lawsuit, the

23              Defendant would necessarily gain an unconscionable advantage since it would

24              be able to exploit and overwhelm the limited resources of each individual

25              member of the Class with its vastly superior financial and legal resources;

26       (d)    The costs of individual suits could unreasonably consume the amounts that

27              would be recovered;

28       (e)    Requiring each member of the Class to pursue an individual remedy would

1    also discourage the assertion of lawful claims by employees who would be

2    disinclined to pursue an action against their present and/or former employer for

3    an appreciable and justifiable fear of retaliation and permanent damage to their

4    immediate and/or future employment;

5    (f)    Proof of a common business practice or factual pattern which Plaintiff

6    experienced is representative of that experienced by the Class and will

7    establish the right of each of the members to recover on the causes of action

8    alleged; and

9    (g)    Individual actions would create a risk of inconsistent results and would be

10    unnecessary and duplicative of this litigation.

11    17.    Notice to the members of the Class may be made by first-class mail addressed

12    to all persons who have been individually identified by Defendant through access to

13    Defendant's payroll and personnel records. Alternatively, if Defendant cannot produce a list

14    of members' names and addresses, the members of the Class may be notified by publication

15    in the appropriate media outlets, and by posting notices in Defendant's places of business in

16    the State of California.

17    18.    Plaintiff and the members of the Class have all similarly suffered irreparable

18    harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action

19    will provide substantial benefits to both Plaintiff and Class and the public since, absent this

20    action, Plaintiff and the members of the Class will continue to suffer losses, thereby allowing

21    Defendant's violations of law to proceed without remedy.

## FIRST CAUSE OF ACTION
**Failure To Indemnify Employees For Professional Liability Expenses
Concerning Third Parties**
(Against All Defendants)

19.    Plaintiff and the Class hereby incorporate by this reference each and every
preceding paragraph of this Complaint as if fully set forth herein.

20.    Under the laws of the State of California, for purposes of tort liability to third
parties, a real estate salesperson-broker relationship cannot be characterized as that of an

1    independent contractor. Any provision or agreement purporting to establish the relationship

2    as an independent contractor is invalid under California law. Accordingly, for purposes of

3    tort liability to third parties, Plaintiff and Class members are, and at all times during the Class

4    Period were, employees of Defendant Coldwell Banker.

5         21.    California's labor laws, including *inter alia*, Labor Code sections 221, 400-410,

6    and section 8 of IWC Wage Order 4-2001, prohibit an employer from making its employees

7    the insurers of the employer's business losses, including losses derived from tort liability to

8    third parties.

9         22.    During the Class Period Defendant Coldwell Banker required Plaintiff and

10    Class members to become the direct or indirect insurers of Defendant against losses from

11    third party tort liability by requiring Plaintiff and Class members to purchase insurance for

12    Defendant's benefit. Defendant also received monies from Plaintiff and Class members in

13    the form of payment under the Program, in an effort to offset or otherwise reduce

14    Defendant's expenses or losses related to liability to third parties.

15         23.    Defendant's actions, as described above, violate California's labor laws,

16    including *inter alia*, Labor Code sections 221, 400-410, and section 8 of IWC Wage Order

17    4-2001, and are the direct and proximate cause of Plaintiff and Class members' damages.

18                    **SECOND CAUSE OF ACTION**
     **Failure To Indemnify Employees For Automobile Liability Expenses**

19                          **Concerning Third Parties**
                     (Against All Defendants)

20

21         24.    Plaintiff and the Class hereby incorporate by this reference each and every

22    preceding paragraph of this Complaint as if fully set forth herein.

23         25.    Under the laws of the State of California, for purposes of tort liability to third

24    parties, a real estate salesperson-broker relationship cannot be characterized as that of an

25    independent contractor. Any provision or agreement purporting to establish the relationship

26    as an independent contractor is invalid under California law. Accordingly, for purposes of

27    tort liability to third parties, Plaintiff and Class members are, and at all times during the Class

28    Period were, employees of Defendant Coldwell Banker.

26.     California's labor laws, including *inter alia*, Labor Code sections 221, 400-410, and section 8 of IWC Wage Order 4-2001, prohibit an employer from making its employees the insurers of the employer's business losses, including losses derived from tort liability to third parties.

27.     During the Class Period Defendant Coldwell Banker required Plaintiff and Class members to become the direct or indirect insurers of Defendant against losses from third party tort liability by requiring Plaintiff and Class members to purchase automobile insurance for Defendant's benefit.

28.     Defendant's actions, as described above, violate California's labor laws, including *inter alia*, Labor Code sections 221, 400-410, and section 8 of IWC Wage Order 4-2001, and are the direct and proximate cause of Plaintiff and Class members' damages.

### THIRD CAUSE OF ACTION
**Unlawful and Unfair Business Acts and Practices**
**(Violation of California Business & Professions Code §17200, *et seq.*)**
(Against All Defendants)

29.     Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

30.     The acts, omissions, and practices of Defendant as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

31.     Defendant has engaged in "unlawful" business acts and practices by requiring Plaintiff and Class members to become the direct or indirect insurers of Defendant against losses from third party tort liability by requiring Plaintiff and Class members to purchase insurance for Defendant's benefit and by receiving monies from Plaintiff and Class members in the form of payment under the Program, in an effort to offset or otherwise reduce Defendant's expenses or losses related to liability to third parties. These acts, omissions and practices violated the statutes and regulations referenced herein above, including California Labor Code §§ 221, 400-410, section 8 of IWC Wage Order 4-2001, and California Business & Professions Code §§ 17200 et seq.

32. Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

33. Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's actions and practices outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, causes substantial injury to Plaintiff and the Class members, and provides Defendant with an unfair competitive advantage over those employers that abide by the law.

34. As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiff and the Class by receiving monies under the Program and in the savings associated with requiring Plaintiff and Class members to purchase automobile insurance for Defendant's benefit.

35. The aforementioned unlawful or unfair business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class members, or provided full restitution of all monies either acquired or retained by Defendant as a result thereof, thereby depriving Plaintiff and the Class members the minimum working conditions and standards due them under California Labor Laws and Industrial Welfare Commission Wage Orders.

36. Pursuant to the Section 17203 of the Business & Professions Code, Plaintiff and the Class seek an order of this Court awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendant by means of such "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to, *inter alia*, Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to Plaintiff and the Class members and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct. Plaintiff and the Class members additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such

1  monies by Defendant. Plaintiff and the Class members may be irreparably harmed and/or

2  denied an effective and complete remedy if such an order is not granted.

3        37.    Pursuant to Section 17203 of the Business & Professions Code, Plaintiff and

4  the Class members seek an order of this Court for equitable and/or injunctive relief in the

5  form of requiring Defendant to refrain from requiring its employees to purchase insurance

6  for Defendant's benefit, and immediately cease and desist in receiving monies from its

7  employees under the Program.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all present and former similarly

situated Class members, and on behalf of the general public, requests the following relief:

        A.    That the Court determine that this action may be maintained as a class action

under Rule 23 of the Federal Rules of Civil Procedure;

        B.    That the Court find that Defendant has violated Labor Code §§ 221, 400-410,

and section 8 of IWC Wage Order 4-2001 by receiving monies from Plaintiff and Class

members under the Program;

        C.    That the Court find that Defendant has violated Labor Code §§ 221, 400-410,

and section 8 of IWC Wage Order 4-2001 by requiring Plaintiff and Class members to

purchase automobile insurance for Defendant's benefit as a condition of employment;

        D.    That the Court find that Defendant has violated Business and Professions Code

§§ 17200 *et seq.* by receiving monies from Plaintiff and Class members under the Program

and by requiring Plaintiff and Class members to purchase automobile insurance for

Defendant's benefit as a condition of employment;

        E.    That the Court find that Defendant's violations as described above are found

to have been willful;

        F.    That the Court award to Plaintiff and the Class members damages for the

amount of monies paid under the Program and for the cost of purchasing additional

automobile insurance for Defendant's benefit, in an amount to be proven at trial;

1    G.    That Defendant be ordered and enjoined to pay restitution to Plaintiff and the

2  Class members due to Defendant's unlawful activities, pursuant to Business and Professions

3  Code §§ 17200-05;

4    H.    That Defendant further be enjoined to cease and desist from unlawful activities

5  in violation of Business and Professions Code §§ 17200 *et seq.*;

6    I.    That Plaintiff and the Class members be awarded reasonable attorneys' fees

7  and costs pursuant to Code of Civil Procedure § 1021.5, and/or other applicable law; and

8    J.    That the Court award such other and further relief as this Court may deem

9  appropriate.

Respectfully submitted,

**KEEGAN & BAKER, LLP**

Dated: May 5, 2008

Jason E. Baker, Esq.
Brent Jex, Esq.
Attorneys for Plaintiff and Class

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff and Class Members hereby demand a jury trial on all causes of action and

3   claims with respect to which they have a right to jury trial.

4                                      Respectfully submitted,

5                                      **KEEGAN & BAKER, LLP**

6

7   Dated:  May 5, 2008

8                                      Jason E. Baker, Esq.
                                       Brent Jex, Esq.
9                                      Attorneys for Plaintiff and Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint                         12

**EXHIBIT A**



# INDEPENDENT CONTRACTOR AGREEMENT
# COLDWELL BANKER RESIDENTIAL BROKERAGE

THIS AGREEMENT, made this 23ʳᵈ day of MAY, 20 06, is by and between COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, a California Corporation (hereinafter referred to as "COLDWELL BANKER"), and JASON Claver (hereinafter referred to as "ASSOCIATE"), who shall conduct business as hereinafter set fourth at a COLDWELL BANKER branch office located in the State of CALIFORNIA (hereinafter referred to as "STATE").

## RECITALS

COLDWELL BANKER is a licensed real estate brokerage firm authorized to do business in the STATE. ASSOCIATE is licensed as a real estate salesperson or broker in the STATE. In consideration of the covenants set fourth herein, and other good and valuable consideration, the sufficiency of which the parties hereby acknowledge, it is agreed as follows:

1. **ASSOCIATION**

   COLDWELL BANKER and ASSOCIATE hereby establish the relationship between them of broker/independent contractor, rather than a hiring or employment, and ASSOCIATE shall not otherwise be an agent, servant, employee or partner of COLDWELL BANKER. Accordingly, ASSOCIATE will not be treated as an employee for federal or state tax purposes with respect to services rendered under this Agreement, for any other statutory or regulatory purpose. COLDWELL BANKER shall not withhold income taxes, social security taxes, disability, workers compensation, or unemployment insurance payments, or any other assessments or taxes from the commissions of ASSOCIATE, unless otherwise provided for herein, by mutual agreement of the parties hereto or as required to do so by law.

2. **AUTHORITY AND OBLIGATIONS OF ASSOCIATE**

   (A)   ASSOCIATE acknowledges that COLDWELL BANKER is a residential real estate brokerage company. In accordance with COLDWELL BANKER's policy, ASSOCIATE is only authorized to solicit buyers and sellers for residential properties, which consist only of the following; single family dwellings, residential income property not to exceed eight (8) residential rental units, and vacant subdivided building lots which are zoned residential, with each lot permitting the construction of eight (8) or fewer residential units, or non-subdivided land for residential development of eight (8) or fewer residential units within the entire parcel. Any deviation from this policy must be approved in advance and in writing by COLDWELL BANKER, i.e. by the operating area President/Chief Operating Officer.

   (B)   ASSOCIATE shall use his or her best efforts to list and sell residential real estate for the mutual benefit of COLDWELL BANKER, ASSOCIATE and the general public, as well as promote and/or sell, as permitted by law, any related real estate settlement services offered by COLDWELL BANKER or its affiliated companies. However, ASSOCIATE shall retain sole discretion and judgment as to the manner and means of accomplishing these objectives. Beyond assuring that COLDWELL BANKER's operations are in conformity with the law, COLDWELL BANKER will not direct or control the means by which ASSOCIATE conducts his or her activities, including, but not limited to, ASSOCIATE's hours, floor time, open houses, leads, sales meetings, training, vacation, time off or other activities.

   (C)   During the term of this Agreement, ASSOCIATE shall not associate with any other firm or entity that conducts real estate brokerage or real estate marketing business. During the term of the Agreement, ASSOCIATE shall not offer or provide any other real estate settlement service, as defined by RESPA, for which he or she receives, directly or indirectly any payment or other consideration therefore, in connection with any transaction in which COLDWELL BANKER is acting as a broker. Any exceptions to this provision must be approved in advance and in writing by COLDWELL BANKER, i.e. by the operating area President/Chief Operating Officer.

   (D)   ASSOCIATE acknowledges that any acts done in ASSOCIATE's personal capacity, whether or not COLDWELL BANKER or ASSOCIATE earns commissions as a result thereof, are excluded from the scope of this Agreement, and Associate specifically agrees to indemnify and hold harmless COLDWELL BANKER from the consequences of any such activities or acts. No such activities may be conducted by ASSOCIATE while using COLDWELL BANKER's name, facilities, or other resources.

   (E)   ASSOCIATE shall have no authority to bind COLDWELL BANKER by any acts, omissions, statements, promises or representations unless specifically authorized to do so by COLDWELL BANKER, in advance and in writing, as it relates to a particular transaction, i.e. by the operating area President/Chief Operating Officer.

   (F)   ASSOCIATE, at his or her own expense, shall maintain his or her real estate license in good standing with the STATE and shall become a member of those real estate boards and listing services which COLDWELL BANKER, through its Broker of Record, is a member. ASSOCIATE shall immediately notify COLDWELL BANKER of any change in the good standing status of ASSOCIATE's real estate license, or of any charge or proceeding relating to ASSOCIATE's compliance with the statutes, regulations or codes of ethics referenced in the Agreement.

   (G)   All moneys received by ASSOCIATE on a transaction shall immediately be turned over to COLDWELL BANKER for further handling and processing in accordance with STATE law and the instructions of the parties to the transaction. ASSOCIATE shall present to the Branch Sales Manager all of ASSOCIATE's transaction documents and files immediately upon acceptance of a listing or offer to purchase, closing, closing of escrow, or cancellation of any transaction, or immediately upon termination of this Agreement and the association created thereby. No commission shall be earned or paid unless and until ASSOCIATE has fully complied with the terms of this Paragraph.

3. **RIGHTS AND OBLIGATIONS OF COLDWELL BANKER**

   (A)   COLDWELL BANKER shall, from time to time, designate the branch sales office with which ASSOCIATE shall be associated, which office shall be shared by ASSOCIATE with other sales associates of that office. COLDWELL BANKER shall make available to ASSOCIATE all current listings of the office with which ASSOCIATE is associated, including listing of the appropriate area multiple listing service, in accordance with the understanding, practices and procedures which presently exist at COLDWELL BANKER's offices and of which ASSOCIATE acknowledges ASSOCIATE is fully aware, except those listings, which COLDWELL BANKER MAY, in its sole discretion, deem advisable, appropriate or necessary under the particular circumstances, to place exclusively in the possession of another associate. COLDWELL BANKER shall also make available to ASSOCIATE such names of prospective purchasers as COLDWELL BANKER, in its discretion, deems appropriate.

© 2000 Coldwell Banker Residential Brokerage Company Independent Con...



# INDEPENDENT CONTRACTOR AGREEMENT
# COLDWELL BANKER RESIDENTIAL BROKERAGE
# (CONTD.)

(B)  COLDWELL BANKER will make available to ASSOCIATE applicable policies and procedures, which ASSOCIATE shall conscientiously follow. COLDWELL BANKER reserves the right to change such policies and procedures from time to time. COLDWELL BANKER will also provide such advice, information and cooperation as ASSOCIATE shall reasonably request. ASSOCIATE acknowledges that COLDWELL BANKER periodically provides meetings for the education and training of its associates, which ASSOCIATE may be required to attend.

(C)  All listing agreements for the sale or exchange, lease or rental of real estate, and all exclusive buyer representation agreements, obtained by ASSOCIATE, shall be in writing in the name of and shall become the property of COLDWELL BANKER pursuant to the requirements of the STATE regarding the obligation of the responsible broker to the general public. All such listings obtained, the listing agreements evidencing same, and any other written representation or commission agreements shall be filed with COLDWELL BANKER within twenty-four (24) hours after receipt of same by ASSOCIATE. All listings, all commission or representation agreements, all referrals, all relationships by COLDWELL BANKER buyers and potential buyers who have made offers to purchase specific property are the sole and exclusive property of COLDWELL BANKER.

4.  COMPENSATION

(A)  When ASSOCIATE performs any services hereunder whereby a commission is earned, the net commission shall, when collected by COLDWELL BANKER, be divided between COLDWELL BANKER and ASSOCIATE in accordance with the terms and provisions of the Commission Schedule Addendum which is attached hereto and made a part hereof. Furthermore, any payment or other form of compensation received by, or tendered to, ASSOCIATE arising from a real estate transaction, shall be promptly and immediately paid to COLDWELL BANKER for appropriate division in accordance with the terms and provisions of the Commission Schedule Addendum. COLDWELL BANKER, in its sole discretion, may modify and/or revise the Commission Schedule Addendum from time to time with notice to the ASSOCIATE.

(B)  The term "net commission," as used herein, shall mean the amount of commission actually received and collected by COLDWELL BANKER after first deducting therefrom any amounts paid by COLDWELL BANKER to any cooperating broker or multiple listing service and such other amounts constituting the normal brokerage expenses chargeable against commissions as is customary in the industry and after deducting the administrative and other fees provided for in Paragraph 9 of this Agreement.

(C)  It is agreed that ASSOCIATE's only remuneration for the services being rendered under this Agreement is his or her share of the brokerage commissions paid by the parties to COLDWELL BANKER for a particular real estate transaction. In no case shall COLDWELL BANKER be liable to ASSOCIATE for, nor shall ASSOCIATE be entitled to, any advance or payment from COLDWELL BANKER for commission not yet received. Any amounts which ASSOCIATE owes COLDWELL BANKER shall be deducted from any commission payment otherwise due ASSOCIATE.

(D)  COLDWELL BANKER shall have the right to deduct or set off any sums owed to COLDWELL BANKER by ASSOCIATE from any sums due or to become due to ASSOCIATE.

5.  LIABILITY

(A)  ASSOCIATE shall promptly and timely pay all his or her own expenses incurred in the performance of services hereunder, such as meals, entertainment, auto expenses, auto insurance, workers compensation, social security and the like. COLDWELL BANKER shall not be liable to ASSOCIATE or responsible to other persons or entities for any expenses incurred by ASSOCIATE.

(B)  ASSOCIATE shall notify the Branch Sales Manager in writing if ASSOCIATE employs or otherwise utilizes the services of any assistant who renders services to ASSOCIATE as part of ASSOCIATE's services to COLDWELL BANKER. ASSOCIATE will be solely responsible for all compensation, taxes, insurance, reporting, and other obligations incidental to ASSOCIATE's services to COLDWELL BANKER. ASSOCIATE will be solely responsible for all compensation, taxes, insurance, reporting, and other obligations incidental to ASSOCIATE's use of such assistant. COLDWELL BANKER may require that ASSOCIATE and any assistant have a written agreement and that a copy of it be given to COLDWELL BANKER. ASSOCIATE expressly agrees that any assistant so employed shall perform no functions for which a real estate license is required, unless said license is held by the same broker as ASSOCIATE's license.

(C)  ASSOCIATE shall furnish his or her own transportation for the conduct of his or her business at his or her own expense. ASSOCIATE shall obtain public liability insurance upon ASSOCIATE's vehicle with minimum limits of $100,000 for each person and $300,000 for each accident and with a property damage limit of $100,000, which shall name COLDWELL BANKER therein as an additional party insured thereunder and provide for 30 days advance notice of cancellation to all insured. ASSOCIATE shall furnish COLDWELL BANKER with a certificate of such insurance or copy of such policy.

(D)  COLDWELL BANKER shall have the exclusive right to determine whether to commence litigation to collect a commission or for any other purpose and to settle any litigation or other dispute of any type. Expenses for attorney's fees and related costs incurred by COLDWELL BANKER in the collection of the commission shall be shared by ASSOCIATE on the same basis, and in the same proportion as net commissions are divided in the Commission Schedule Addendum. To the extent feasible, COLDWELL BANKER will consult with ASSOCIATE in advance of initiating any such collection. ASSOCIATE shall promptly reimburse COLDWELL BANKER for ASSOCIATE's share of those fees and costs as they are incurred by COLDWELL BANKER.

(E)  COLDWELL BANKER and ASSOCIATE shall comply with the terms of the Legal Assistance Program which is attached hereto as Appendix 1 and made part hereof.

© 2000 Coldwell Banker Residential Brokerage Company Independent Contractor



**INDEPENDENT CONTRACTOR AGREEMENT**
**COLDWELL BANKER RESIDENTIAL BROKERAGE**
**(CONTD.)**

6.    **TERMINATION OF AGREEMENT**

(A)    This Agreement, and the association created hereby, may be terminated by either party for any reason, without any cause and at any time upon written notice.

(B)    Upon termination of this Agreement:

(1.)    Except as is otherwise provided in this Agreement, ASSOCIATE's proportionate share of any commission on a transaction that is pending, where a binding contract of sale has been executed, but has not closed, shall, after the closing of such transaction, be paid to ASSOCIATE when collected by COLDWELL BANKER; provided, however, COLDWELL BANKER shall assign another associate in its organization to perform such work as is necessary to service the sale and complete the transaction. The associate so assigned shall document all such work and shall be compensated as determined by COLDWELL BANKER, in its sole discretion, which compensation shall be deducted from the terminated ASSOCIATE's share of the commission. ASSOCIATE shall promptly provide COLDWELL BANKER with a memorandum summarizing pending transactions and the current state of all listings, representation agreements, sales and commissions. ASSOCIATE acknowledges that his or her failure to timely provide COLDWELL BANKER with such a memorandum may delay payment of commissions to ASSOCIATE and may constitute ASSOCIATE's waiver of his or her commission rights.

(C)    Paragraphs 2(F) and (G); 3(C); 4; 5 (C) and (D); 6(B); 7; 8; 9; and 10(E), (F), (G) and (H), and Appendix I of this Agreement shall survive the termination of this Agreement.

7.    **CONFIDENTIAL INFORMATION**

The listing and sales files maintained by either COLDWELL BANKER or ASSOCIATE and all correspondence, customer lists, papers, documents, computer software, marketing, training, educational, and/or any other materials, including copies thereof made by or for ASSOCIATE ("Proprietary Documents") either furnished to ASSOCIATE by COLDWELL BANKER, or otherwise coming into the hands of ASSOCIATE, which relate to COLDWELL BANKER business, are confidential business information and the property of COLDWELL BANKER. ASSOCIATE shall not interfere with COLDWELL BANKER's rights under such listings, referrals and business relationships. In the event the association between COLDWELL BANKER and ASSOCIATE should terminate for any reason, ASSOCIATE shall return all such Proprietary Documents to COLDWELL BANKER. ASSOCIATE further agrees, during the term and after termination of this Agreement, not to furnish or disclose to any person, firm, company, corporation or other enterprise, any information as to COLDWELL BANKER's clients, customers, properties, policies, trade secrets, Proprietary Documents, relationships, or any other information generally concerning COLDWELL BANKER and its business without COLDWELL BANKER's prior written consent. After said termination, ASSOCIATE shall not use to his or her own advantage, to the advantage of any other person or entity, any Proprietary Documents or such other confidential information.

8.    **ARBITRATION**

(A)    Except as otherwise herein provided, in the event of a dispute between ASSOCIATE and COLDWELL BANKER, or any COLDWELL BANKER officer or employee, arising out of the relationship of the parties to this Agreement or the performance thereunder, whether involving a contractual, intentional or negligent claim of wrongdoing, said dispute shall be submitted to a neutral arbitrator selected by COLDWELL BANKER. If ASSOCIATE disapproves of the arbitrator, ASSOCIATE shall within 10 days after receiving notice of selection of the arbitrator initiate arbitration before the American Arbitration Association ("AAA") using its rules for commercial arbitration except that all AAA fees and costs shall be paid by ASSOCIATE, subject to reimbursement by COLDWELL BANKER if ASSOCIATE is the prevailing party in that arbitration. If ASSOCIATE fails to timely initiate arbitration through AAA or to pay AAA fees and costs, COLDWELL BANKER may proceed with arbitration through the neutral arbitrator previously selected. The decision of arbitration will be final and binding upon all parties. The parties expressly agree that either party may initiate arbitration. The arbitration will proceed, notwithstanding the existence of any regulatory inquiry, complaint or lawsuit instituted by either party, concerning the same subject matter or a portion thereof.

(B)    In the event of a dispute between ASSOCIATE and other COLDWELL BANKER sales associates relating to their conduct, acts, transactions or commission rights as sales associates, said dispute shall be submitted to a neutral arbitration panel selected by COLDWELL BANKER. The decision of said arbitration panel will be final and binding upon all parties.

(C)    The Parties agree that COLDWELL BANKER is engaged in interstate commerce, and that the provisions of the Federal Arbitration Act, 9 U.S.C. Section 1, et seq apply to this Agreement.

9.    **ADMINISTRATION AND OTHER FEES**

To assist in paying for ASSOCIATE support services, ASSOCIATE shall pay to COLDWELL BANKER administrative and other fees, as set fourth in the compensation program and schedule of commissions attached hereto, incorporated herein and made a part hereof, as the Commission Schedule Addendum.

10.    **Further Provisions**

(A)    It is COLDWELL BANKER's policy to fully support equal opportunities in housing, and the laws and principles pertaining thereto, and ASSOCIATE agrees to and shall conduct his or her endeavors in full and total compliance therewith in furtherance of COLDWELL BANKER's policy to strictly abide by such fair housing laws, thereby providing services to buyers and sellers regardless of race, creed, color, national origin, sex, age, handicap or familial status.

© 2000 Coldwell Banker Residential Brokerage Company Independent Contractor A...



# INDEPENDENT CONTRACTOR AGREEMENT
# COLDWELL BANKER RESIDENTIAL BROKERAGE
## (CONTD.)

(B)  ASSOCIATE will comply with all applicable State, local and Federal laws, including rules and regulations, and all regulations or codes of ethics of the Boards or Associations of Realtors' of which ASSOCIATE or COLDWELL BANKER or both of them are members.

(C)  ASSOCIATE agrees to conduct his or her business and regulate his or her conduct as to maintain and increase the goodwill and reputation of both COLDWELL BANKER and ASSOCIATE. ASSOCIATE represents and warrants that, except as may be disclosed in any application or other written materials previously submitted to COLDWELL BANKER, ASSOCIATE has not violated, been charged with violating, nor been investigated in connection with a possible violation of, any of the statutes, rules, regulations or codes of ethics referenced in Paragraph 10(B) above.

(D)  This Agreement, including the attachments hereto, constitutes the entire Agreement between the parties. No other representations, warranties, undertakings or promises, whether oral, implied or otherwise, have been made by either party hereto. This Agreement supersedes all prior agreements between the parties, written or oral.

(E)  This Agreement shall insure to the benefit of and be binding upon the successors in interest of COLDWELL BANKER. However, this Agreement is based on the personal services of ASSOCIATE, and ASSOCIATE shall not delegate or assign any of ASSOCIATE's rights or duties hereunder without the prior written consent of COLDWELL BANKER, i.e. by the operating area President/Chief Operating Officer.

(F)  Except as provide in Paragraph 4(A) and 5(E), neither this Agreement not its attachments shall be further amended except by agreement signed in writing by both COLDWELL BANKER and ASSOCIATE.

(G)  This Agreement and the performance of the obligations imposed upon the parties hereunder shall be interpreted and governed by the laws of the STATE. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction or through arbitration to be invalid, void or unenforceable, the rest of the Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

(H)  Neither this Agreement, any amendment hereto, nor any subsequent agreements of any kind will be binding on COLDWELL BANKER unless executed by an Operating Area President or Operating Area Vice President on behalf of COLDWELL BANKER.

IN WITNESS WHEREOF, the parties have affixed their signatures on the day and date first above written.

SALESPERSON

SIGNATURE _____

PRINT NAME _Jason Claver_____

STREET ADDRESS _13025 Acton Ave._____

CITY, STATE, ZIP CODE _Poway, CA 92064_____

SOCIAL SECURITY NUMBER _____

COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY

BY_____
        CORPORATE BROKER

© 2000 Coldwell Banker Residential Brokerage Company Independent Contractor

# COLDWELL BANKER BENEFITS PROGRAM

FEE SCHEDULE &
PAYMENT ELECTION

SCHEDULE C

This COLDWELL BANKER BENEFITS PROGRAM, herein called ("Program") Payment Schedule and Payment Election is for a one year period from _JuNE 06_ through _JuNE 07_. This schedule contains the payment provisions in order to maintain participation in the Program.

## PROGRAM FEE
**OPTION 1** - Cash payment in full of all fees in the total amount of $1,295.00
**OPTION 2** - Cash payment upon the execution of this Agreement in the amount of $485.00  ("Initial Payment") followed by a second installment of $480 and third installment of $480 ("Installment Payment"), as described below. Installment method includes a $150 service fee.

## INSTALLMENT PAYMENT
The Installment Payment shall be paid by Sales Associate in the amount of $480 on or before 60 days from initial payment and the remaining $480 on or before 60 days from the 1st installment.

## PAYMENT FORM
If payment is made via personal check, please make check payable to "Coldwell Banker". If payment is made via credit card (Visa or Master Card), Please complete the required information on the Credit Card Transmittal Form. Sales Associate may elect to have either full cash payment or the Installment Payment deducted form an escrow closing. In such event the Sales Associate must notify their office administrator. To avoid late charges an escrow closing must coincide with the due dates of the fee.

## LATE FEE
For any payment received later than thirty (30) days from date due a late fee will be assessed in the amount of $75.00. In the event that a late payment is received without the late fee included the Program benefits will be suspended and not reinstated until the late fee is paid.

## OTHER CONDITIONS
Sales associate shall be entitled to receive the benefits of the Program only if: (a) the sales associate has timely paid his/her Program fee(s); (b) the sales associate has signed and is in compliance with all the terms and provisions of their Independent Contractor's agreement and Legal Assistance Program; and (c) the sales associate has complied with the rules, policies and procedures of Coldwell Banker.

Sales associate acknowledges that in order for Coldwell Banker to offer a program to benefit all sales associates certain administrative costs are necessarily incurred. Such costs are calculated, budgeted and contracted for at the beginning of the term, and include, but are not limited to, processing and accounting charges, legal review, legal analysis and representation expenses, continuing education seminars, forms and procedures, sales associate training and other services and or benefits of the Program. The Program fee to be collected from all sales associates is applied against the administrative costs of the Program and are NON-REFUNDABLE, EITHER IN WHOLE OR PART. As regards to the Claims Management and Legal Assistance portion of the Program, the costs continue through the end of the term of the Program, especially since litigation may be instituted by third parties against Coldwell Banker and sales associate even after sales associate has left the real estate profession or is otherwise not affiliated with Coldwell Banker. Sales associate agrees that the payment of the Program fee constitutes a fair and reasonable payment toward the annual administrative costs of the Program incurred by Coldwell Banker.

## PAYMENT ELECTION
By checking one of the boxes below I elect the payment option indicated and my personal check, made payable to "Coldwell Banker" or my credit card (Visa or Master Card) information and authorization voucher is attached to this form. (Note: Please, be sure that your payments are made in the correct amount as indicated for the option you have selected).

☐ I elect Payment Option 1 in the amount of $1,295. Payment of this amount is attached.
☒ I elect Payment Option 2 three installments. Initial payment of $485 and two payments of $480. Payment of $485 is attached. Installment method includes a $150 service fee.

Date: _5-24-06_

ACCEPTED and AGREED:

_____    PRINT NAME: _JasoN Claver_
Sales Associate

_Carol Prendergast_    Branch Office: _HS Ranch_    PC#: _94013725_
Manager



APPENDIX I

## CLAIMS MANAGEMENT - LEGAL ASSISTANCE PROGRAM

1. **INTRODUCTION.** This Appendix describes the parties' respective rights and duties regarding various legal demands and proceedings involving ASSOCIATE or COLDWELL BANKER or both. Except as may be excluded in Paragraph 3 below, legal education, assistance for transactional matters and administration of claims shall be provided by COLDWELL BANKER.

2. **DEFINITION OF "CLAIM"; BENEFITS TO ASSOCIATE.** As used in this Appendix, "claim" means a demand made against COLDWELL BANKER or ASSOCIATE or both, for money damages or rescission, including, but not limited to, the service of a suit or institution of arbitration proceedings against COLDWELL BANKER or ASSOCIATE, arising out of ASSOCIATE'S alleged acts or omissions under the Independent Contractor Agreement. Except for the exclusions described in Paragraph 3 below, ASSOCIATE and COLDWELL BANKER will be represented by legal counsel, at no cost to ASSOCIATE. However, payment of the Administrative Fee shall not be constructed as a guarantee of a legal defense in all matters in that a defense will only be provided for covered matters. Except for the excluded claims stated in Paragraph 3 and the exceptions noted in Paragraphs 5 and 6 below, when claim arises, ASSOCIATE shall have a maximum contribution of $2,500 towards any settlement or judgment for each claim. There will be a maximum credit of $2,500 against the contribution due from ASSOCIATE in those matters where the COLDWELL BANKER office file contains all of the following:

    (a) A seller disclosure form signed by the seller and provided to the buyer and acknowledged by the buyer prior to closing except where the disclosure form is not applicable or not required by statute;

    (b) A home warranty policy was purchased prior to or at closing where legally permissible or a written waiver signed by the buyer is received or, in California, where a site-specific property disclosure report was obtained;

    (c) A physical inspection was performed as part of the subject transaction and a report has been furnished to the Buyer by an inspector or inspection company who is an approved vendor of Coldwell Banker or who has been selected solely by the Buyer, or a written Waiver of the Physical Inspection signed by the Buyer;

    (d) A state, real estate board, NRT, or NRT Regional Operating company approved standard sales contract or a sales contract drafted by a licensed attorney was used.

    Included within the definition are claims which involve transactions that were handled by ASSOCIATE while ASSOCIATE was with a broker which was acquired by NRT as of May 1, 1997.

3. **EXCLUSIONS.** The provisions of this Appendix regarding defense of ASSOCIATE and limitation on ASSOCIATE'S liability do not apply to (a) any criminal proceeding, (b) any claim arising from a transaction where the ASSOCIATE acted outside of the course and scope of his or her authority as defined in the Independent Contractor Agreement, which includes acting as a Principal, (c) any claims in criminal or malicious, deliberately wrongful or in violation of State licensing laws, concealment or intentional misrepresentation, (d) any criminal arising out of any loss, injury or death caused or allegedly caused by ASSOCIATE'S ownership, use or operation of a motor vehicle or the direct acts of ASSOCIATE which causes personal injury or property damage, (e) any claim where ASSOCIATE, orally or in writing admits liability for any act specified in Paragraph 2 above, (f) any unlawful discrimination, humiliation, harassment or misconduct because of but not limited to race, creed, color, age, sex, national origin, religion, disability or marital status, (g) any punitive or exemplary damages awarded as part of a judgement or arbitration where state law prohibits the insurer from paying such award, or (h) failure with Paragraph 4 below.

4. **COOPERATION.** When a claim arises concerning a transaction in which ASSOCIATE was involved, ASSOCIATE shall cooperate with COLDWELL BANKER and its attorneys and shall assist in the investigation by the defense of COLDWELL BANKER. ASSOCIATE shall immediately (within 24 hours) notify COLDWELL BANKER of each claim and shall immediately (within 24 hours) provide COLDWELL BANKER with all demand letters, legal papers and other documents which might relate to that matter. ASSOCIATE shall not make any payments, admit any liability, settle claims, assume any obligation or incur any expense without the prior written consent of COLDWELL BANKER. COLDWELL BANKER shall retain the right to settle any and all claims that COLDWELL BANKER, in its sole discretion, so elects to do.

5. **EXCEPTIONS.** (a) In the event the ASSOCIATE is investigated by and/or needs to defend himself or herself before a state licensing board, peer review committee, or governmental regulatory body as a result of a notice of proceeding instituted after the date of this Appendix, and which arises out of an act, error or omission otherwise covered by this Appendix, COLDWELL BANKER shall pay up to $5,000 for attorney's or consultant's fees actually incurred. (b) If, before or after there is a joint defense of COLDWELL BANKER and ASSOCIATE, an actual conflict arises in representation, and continued joint representation is not in the interests of COLDWELL BANKER or ASSOCIATE, then joint representation will be terminated and counsel for COLDWELL BANKER will withdraw from representing ASSOCIATE, and ASSOCIATE will be advised to seek separate counsel, the cost of which may be paid for by COLDWELL BANKER under a reservation of rights. In the event that a conflict is declared, ASSOCIATE agrees that counsel for COLDWELL BANKER may continue to represent COLDWELL BANKER. ASSOCIATE always has the right to select and be represented by independent counsel at ASSOCIATE'S sole expense.

Page 2 of 3  ACCEPTED AND AGREED

_____ Sales Associate Initials   _____ Branch Manager Initials   _____ Corporate Broker Initials

6.  **INDEMNIFICATION.** ASSOCIATE shall indemnify and hold harmless COLDWELL BANKER against all losses and damages, including attorney fees and costs, which COLDWELL BANKER incurs or becomes liable for resulting from the excluded claims defined in Paragraph 3 above.

7.  **DURATION.** Unless discontinued or modified by COLDWELL BANKER, the provisions of this Appendix shall survive the termination of the Independent Contractor Agreement. COLDWELL BANKER reserves the right to discontinue or modify the Legal Assistance Program at any time.

8.  **PRE-PAYMENT AT TERMINATION.** If ASSOCIATE'S association terminates before COLDWELL BANKER receives notice of claim or before the claim is concluded, COLDWELL BANKER may, in its discretion, require the ASSOCIATE to pay COLDWELL BANKER within 30 days after demand by COLDWELL BANKER therefor the maximum amount of ASSOCIATE'S contribution, as specified above, subject to adjustment by COLDWELL BANKER if, when the claim is later concluded, ASSOCIATE'S actual share is less than the maximum paid.

9.  **ADMINISTRATIVE FEE.** ASSOCIATE shall be charged a Fee for the Legal Assistance Program as specified in the Commission Schedule. Upon termination of the Independent Contractor Agreement, any unpaid balance then due on the fee shall become immediately due and owing and there will be no reimbursement for any fees paid by the ASSOCIATE. Any failure to pay this fee shall be deemed a breach of contract such that it is not paid, an actual controversy will exist between ASSOCIATE and COLDWELL BANKER, which may preclude the ability to have joint defense. The amount of the fee is subject to change.

ACCEPTED and AGREED:

Sales Associate: _____        _Jason Claver_____        _5-24-06_
                      Signature                     Printed Name              Date

Manager: _Carol Prendergast_____        _CAROL PRENDERGAST_        _5/26/06_
                  Signature                     Printed Name              Date

Corporate Broker: _____        _____

© 2003 Coldwell Banker Claims Management-Legal Assistance Program- Appendix 1  page 2 of 2 rev 11/03

**EXHIBIT C**

# Additional Insured Request Form

*As stated on page 2, section 5(c) of the Independent Contractors Agreement, ASSOCIATES automobile insurance policy must name COLDWELL BANKER therein as an additional party insured. Please complete this form and return to the licensing department.*

**Auto Insurance Co. Name**  Bristol West Insurance Group

**Auto Insurance Co. Street Address**  P.O. Box 22-9080

**Auto Insurance Co. City, State, Zip**  Hollywood, FL 33022-9080

**Auto Insurance Co. Agent Name**  EASTWOOD INSURANCE-Zohreh TAVANGAR

**Auto Insurance Co. Phone #**  1-888-888-0080

**Auto Insurance Co. Fax #**  1-800-848-8126

**Vehicle:**  CHEVY Silverado

**Policy #**  G00 1008039 00

Please verify my auto insurance at $100,000/300,000 Liability coverage, $100,000 Property Damage, and name Coldwell Banker as an additional insured.

If my coverage is lower than the amounts above, please increase the respective items to the limits indicated, leave my other coverage intact and send me the updated policy and ID cards naming Coldwell Banker as additional insured.

The certificate for the additional insured is to be sent to:

COLDWELL BANKER RESIDENTIAL BROKERAGE
27271 LAS RAMBLAS
MISSION VIEJO, CA 92691

ATTN: LICENSING DEPARTMENT

Sincerely,

_____    5-24-06
Coldwell Banker Agent Signature        Date

Jason Claver
_____
Printed Name of Coldwell Banker Agent

13025 Acton Ave. Poway CA 92064        4S RANCH
Coldwell Banker Agent Home Address and Branch Office

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ASON CLAVER, individually and on behalf of all other persons imilarly situated and on behalf of the general public

**DEFENDANTS**

COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, a California corporation

FILED
2008 MAY -6 PM 3: 06

(b) County of Residence of First Listed Plaintiff   San Diego
    (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY    kpk    DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)

eegan & Baker, LLP (858) 552-6750
370 La Jolla Village Dr., Ste. 640, San Diego, CA 92122

Attorneys (If Known)

'08 CV 0817 L AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(d)

Brief description of cause:
Class action for compensation of insurance expenses paid for by Plaintiff as a condition of employment

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE       DOCKET NUMBER

DATE   05/06/2008

SIGNATURE OF ATTORNEY OF RECORD   Brent Jex, Esq.

FOR OFFICE USE ONLY

RECEIPT # 150573   AMOUNT $300.00   APPLYING IFP    JUDGE    MAG. JUDGE

PD 05/06/08

c6

# UNITED STATES
## DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150573    — MB

May 06. 2008
15:07:18

## Civ Fil Non-Pris
USAO #.: 08CV0817 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC2694

## Photocopies
USAO #.: COPIES
Qty....:    6 @ $0.50
Amount.:                    $3.00 CK
Check#.: BC10696

Total-> $353.00

FROM: JASON CLAVER VS
COLDWELL BANKER