1  CALVIN DAVIS (SBN: 101640)
   YESENIA M. GALLEGOS (SBN: 231852)
2  GORDON & REES LLP
   633 West Fifth Street, Suite 4900
3  Los Angeles, CA 90071
   Telephone: (213) 576-5000
4  Facsimile: (213) 680-4470

5  Attorneys for Defendant
   COLDWELL BANKER RESIDENTIAL
6  BROKERAGE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 JASON CLAVER, individually and on          ) CASE NO. 08 CV 0817 L AJB
   behalf of all other persons similarly situated )
11 and on behalf of the general public,        ) **NOTICE OF MOTION AND**
                                               ) **MOTION TO DISMISS PURSUANT**
12                            Plaintiff,        ) **TO FEDERAL RULE OF CIVIL**
                                               ) **PROCEDURE 12(b)(6) BY**
13        vs.                                   ) **DEFENDANT COLDWELL**
                                               ) **BANKER RESIDENTIAL**
14 COLDWELL BANKER RESIDENTIAL                  ) **BROKERAGE COMPANY; AND**
   BROKERAGE COMPANY, a California             ) **MEMORANDUM OF POINTS AND**
15 corporation,                                ) **AUTHORITIES IN SUPPORT**
                                               ) **THEREOF**
16                            Defendant.        )
                                               ) Complaint filed:    5/6/08
17 _____)     Trial date:         Unassigned

18

19 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

20        PLEASE TAKE NOTICE that on August 25, 2008, at 10:30 a.m., or as soon

21 thereafter as counsel may be heard in Courtroom 14 of the above-entitled court, located at

22 940 Front Street, San Diego, California, Defendant Coldwell Banker Residential

23 Brokerage Company will and hereby does move this Court to dismiss this action pursuant

24 to Federal Rule of Civil Procedure 12(b)(6). This motion is based on Plaintiff's

25 Complaint, which fails to state a claim upon which relief can be granted because: (1)

26 Plaintiff's claims are entirely premised on the contention that Plaintiff was an employee

27 of Defendant for purposes of liability to third parties for torts – this theory has no basis in

28 the law and is directly at odds with the contract between the parties attached to the

- 1 -

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1    Complaint, (2) Plaintiff's first cause of action is premised upon the conclusion that

2    Defendant requires its salespersons to purchase professional liability insurance – a

3    conclusion that is contradicted by the contracts attached to the complaint, and (3) even if

4    Plaintiff was an employee of Defendant, none of the statutes cited as a basis for relief in

5    the Complaint have any applicability to Plaintiff's claims.

6        This motion will be based on this notice, the attached memorandum of points and

7    authorities, the request for judicial notice, the records and pleadings on file in this action,

8    and upon such further evidence as this Court will consider at the hearing on this Motion.

9    Oral argument is requested.

10

11    Dated:  July 7, 2008                    GORDON & REES LLP

12

13                                            By:   s/Calvin E. Davis
14                                                  CALVIN DAVIS
                                                    YESENIA M. GALLEGOS
15                                                  Attorneys for Defendant Coldwell
                                                    Banker Residential Brokerage
16                                                  Company
                                                    E-mail:  cdavis@gordonrees.com
17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 2 -

1

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 3

II.   FACTUAL BACKGROUND .............................................................. 3

III.  ARGUMENT ....................................................................................... 5

    A.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE EACH OF PLAINTIFF'S THREE CAUSES OF ACTION ARE PREMISED ON A THEORY THAT HAS NO SUPPORT IN THE LAW AND IS CONTRADICTED BY THE CONTRACT BETWEEN THE PARTIES, NAMELY THAT PLAINTIFF WAS AN "EMPLOYEE" OF CBRBC FOR PURPOSES OF THIRD PARTY TORT LIABILITY. ............................... 5

        1.    Salespersons May Contractually Agree to the Relationship of Independent Contractor With Their Broker, Just As Plaintiff and CBRBC Did Here ....................................................................... 6

        2.    Plaintiff's Complaint and its Attachments Establish That He Was An Independent Contractor ...................................................... 6

        3.    Although Plaintiff Apparently Relies on The Fact That a Real Estate Salesperson May Be An "Agent" of a Broker for Purposes of Third Party Tort Liability, There is No Authority That This Creates an Employment Relationship, Especially When the Parties Have Contracted Otherwise ................................... 7

    B.    THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED AS THERE IS NOTHING IN THE CONTRACT ATTACHED TO THE COMPLAINT WHICH REQUIRES PLAINTIFF TO PURCHASE PROFESSIONAL LIABILITY INSURANCE ...................... 8

    C.    EVEN IF PLAINTIFF WAS AN EMPLOYEE OF CBRBC, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE THE STATUTES CITED AS THE BASIS FOR HIS CLAIMS PROVIDE NO COGNIZABLE GROUND FOR RELIEF UNDER THE FACTS OF THIS CASE ............................................................. 9

        1.    The Court Should Dismiss Plaintiff's First Claim For Failure To Indemnify Employees For *Professional Liability* Because It Is Not Supported By Labor Code Sections 221, 400-410 and Section 8 of Wage Order 4-2001. ............................................. 10

            a.    Labor Code Section 221 Prohibits Unlawful Kickbacks from Employees and is Inapplicable Here ............................. 10

            b.    Labor Code Sections 400-410 Relates to Employers Improperly Requiring that Employees Post Bonds and is Inapplicable Here ............................................................. 11

            c.    Section 8 of IWC Wage Order 4-2001 Governs Charging Employees For Breaking Equipment and Has No Applicability Here ............................................................ 12

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

2.    The Court Should Dismiss Plaintiff's Second Claim For Failure To Indemnify Employees For *Automobile Liability* Insurance Because It Is Not Supported By Labor Code Sections 221, 400-410 and Section 8 of Wage Order 4-2001. .........12

3.    The Court Should Dismiss Plaintiff's Third Claim For Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*. ............13

a.    Plaintiff Has Not Properly Plead that CBRBC Has Violated Any Statute So Its Conduct Cannot be "Unlawful" Under the UCL....................................................14

b.    Plaintiff Has Not Properly Plead that CBRBC's Conduct is "Unfair" Under the UCL .................................14

c.    Plaintiff Has Not Properly Alleged Any Injury in Fact So He May Not Assert a Claim Under the UCL ..................15

IV.    CONCLUSION...........................................................................................16

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- ii -

# TABLE OF AUTHORITIES

## Cases

*Akkerman v. Mecta Corp., Inc.,*
  152 Cal.App.4th 1094, 1098 (2007)................................................................................15

*Armenta v. Osmose, Inc.,*
  135 Cal. App.4th 314 (2005).........................................................................................10

*Associated General Contractors of America v. Metropolitan Water Dist. of So. Calif.,*
  159 F.3d 1178, 1181 (9th Cir. 1998)...............................................................................5

*Balistreri v. Pacifica Police Dept.,*
  901 F.2d 696, 699 (9th Cir. 1990)...................................................................................5

*Burger v. Kuimelis,*
  325 F. Supp. 2d 1026, 1035 (N.D. Cal. 2004) .................................................................5

*California Real Estate Loans, Inc. v. Clark Wallace*
  18 Cal App 4th 1575 (1993)............................................................................................7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
  20 Cal.4th 163, 180 (1999)............................................................................................14

*Daro v. Superior Court,*
  151 Cal.App.4th 1079, 1098 (2007)..............................................................................15

*Denbicare U.S.A., Inc. v. Toys "R" US, Inc.,*
  84 F.3d 1143, 1152 (9th Cir. 1996)................................................................................14

*Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co., Delta Air Lines, Inc.,*
  326 F.3d 1183, 1185 (11th Cir. 2003).............................................................................5

*Farmers Ins. Exch. v. Sup. Ct.,*
  2 Cal. 4th 377, 383 (1992).............................................................................................14

*Gipson v. Davis*
  215 Cal App 2 190 (1963) ...........................................................................................7, 8

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc,*
  896 F.2d 1542, 1555 (9th Cir. 1990)............................................................................6, 8

*Hudgins v. Neiman Marcus Group, Inc.,*
  34 Cal. App. 4th 1109 (1995)........................................................................................10

*In re Stac Electronic Securities Litig.,*
  89 F.3d 1399, 1405........................................................................................................7

*Kasky v. Nike, Inc.,*
  27 Cal.4th 939, 950 (2002)............................................................................................14

*Kaufman & Broad-South Bay v. Unisys Corp.,*
  822 F. Supp. 1468, 1472 (ND CA 1993) ........................................................................6

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- iii -

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

*Koehl v. Verio, Inc.,*
   142 Cal. App. 4th 1313 (2006) .................................................................................10

*Krantz v. BT Visual Images,*
   89 Cal. App. 4th 164, 178 (2001) ...........................................................................14

*Motors, Inc. v. Times-Mirror Co.,*
   102 Cal. App. 3d 735, 740 (1980) ..........................................................................15

*People v. Casa Blanca Convalescent Homes, Inc.,*
   159 Cal. App. 3d 509, 530 (1984) ..........................................................................15

*Ralphs Grocery Co. v. Superior Court,*
   112 Cal. App. 4th 1090 (2003) ...............................................................................10

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,*
   88 F.3d 780, 783 (9th Cir. 1996) ..............................................................................5

*Thompson v. Illinois Dept. of Prof. Reg.,*
   300 F.3d 750 ............................................................................................................7

*Tyco Int'l Co. v. Supt. Ct. (Allegro),*
   45 Cal. App. 4th 1093, 1104 (1996) .......................................................................14

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.,*
   355 F.3d 370, 377 (5th Cir. 2004) ............................................................................7

*Van Ness v. Blue Cross,*
   87 Cal. App. 4th 364, 376-377 (2001) ...................................................................14

**Statutes**

Cal. Lab. §221 ...............................................................................................................12

Cal. Lab. §400 ...............................................................................................................11

Fed. R. Civ. P.12(b). .......................................................................................................5

**Other Authorities**

California Business & Professions Code §17200 ............................................5, 13, 14, 15

California Business & Professions Code § 17204 .........................................................15

California Business & Profession Code §17500 ............................................................13

California Business & Profession Code §10032(B) ......................................................11

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Having received the benefits of an agreement specifically authorized by California law under which he was an independent contractor, Plaintiff now seeks to re-write the essential terms of that agreement.  His only basis for doing so are theories of liability that relate solely to vicarious liability to third persons - concepts that have nothing to do with the relationship between the parties here.  He has no choice but to rely on such concepts since no relevant authority exists to support his claims.  Moreover, even if Plaintiff could somehow demonstrate, in the face of the law and the contract, that he was an employee of Defendant, a plain reading of the statutes cited in the Complaint as the basis for the claims herein provide no support whatsoever for the relief sought.  The fact of the matter is that independent contractor agreements with real estate salespersons are absolutely standard in California, and a requirement that brokerages now pay the costs of insurance for salesperson would be devastating to the industry.  Accordingly, CBRBC respectfully requests that the Court grant this motion to dismiss, and to do so without leave to amend.

## II.    FACTUAL BACKGROUND

Coldwell Banker Residential Brokerage Company ("CBRBC") is a real estate brokerage firm.  (Complaint, Ex. A, p.1 ¶5.)  Plaintiff Jason Claver (hereinafter "Plaintiff") was a licensed real estate salesperson in California.  (Complaint, Ex. A, p.1, ¶4.)  On May 23, 2006, Plaintiff and CBRBC executed an Independent Contractor Agreement.  (Complaint, ¶6.)  It established the relationship between Plaintiff and CBRBC as that of "broker/independent contractor, rather than a hiring or employment." (Complaint, Ex. A, p.1, §1.)  In fact, the Independent Contractor Agreement explicitly provided that:

> [Plaintiff] will not be treated as an employee for federal or state tax purposes with respect to services rendered under this Agreement, for any other statutory or regulatory purpose.

CASE NO. 08 CV 0817 L AJB

1    (*Id.*)  Under the Independent Contractor Agreement, Plaintiff was required only to "solicit

2    buyers or sellers for residential properties" and he was required to use his best efforts to

3    list and sell residential real estate for the mutual benefit of CBRBC and the general public

4    (Complaint, Ex. A, p.1, §2(A).  Plaintiff was to retain sole discretion and judgment as to

5    the manner and means of accomplishing these objectives.  The Independent Contractor

6    Agreement specified that CBRBC would not direct or control the means by which

7    Plaintiff conducted his activities, including, but not limited to, Plaintiff's hours, floor

8    time, open houses, leads, sales meetings, training, vacation, time off for other activities.

9    (Complaint, Ex. A, p.1, §2(B).)

10    Plaintiff was responsible for maintaining his real estate license in good standing

11    with California, at his own expense.  (Complaint, Ex. A, p.1, §2(F).)  The Independent

12    Contractor Agreement required Plaintiff to purchase automobile insurance with minimum

13    policy limits of $100,000/$300,000 liability coverage, and $100,000 property damage

14    coverage, to protect Plaintiff or CBRBC or both.  (Complaint, ¶8.)  Additionally, the

15    Complaint alleges that Schedule "C" to the Independent Contractor Agreement required

16    Plaintiff to purchase professional liability insurance to protect Plaintiff or CBRBC or

17    both, for "money damages or rescission … arising out of [Plaintiff's] alleged acts or

18    omissions under the Independent Contractor Agreement" and to do so out of his own

19    "personal funds" (Complaint, ¶7.)  However, the Independent Contractor Agreement

20    contains no provision requiring the purchase of such insurance.

21    Plaintiff and CBRBC's business relationship ended on June 1, 2007.  (Complaint,

22    ¶6.)  Plaintiff alleges that CBRBC violated laws under the State of California

23    (specifically Labor Code sections 221, 400-410, and section 8 of IWC Wage Order 4-

24    2001), on the grounds that those laws prohibit:  (1) a real estate salesperson-broker

25    relationship from being characterized as that of an independent contractor for purpose of

26    third party tort liability and (2) prohibit an employer from making its employees the

27    insurers of the employer's business losses, including losses derived from third party tort

28    liability.  (Complaint, ¶¶19-23, 24-28 and 29-37.)  The two above-referenced alleged

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 4 -

1  prohibitions form the basis of Plaintiff's three claims for: failure to indemnify employees

2  for professional liability expenses concerning third parties; failure to indemnify

3  employees for automobile liability expenses concerning third parties; and unlawful and

4  unfair business practices under California Business & Professions Code §17200, *et seq.*

5  ## III.   ARGUMENT

6  Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss when a

7  pleading fails to state a cause of action.  A Rule 12(b)(6) dismissal is appropriate where

8  no cognizable legal theory is alleged **or** where there are insufficient facts to support a

9  cognizable legal theory.  (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

10  1990) (emphasis added); *see SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,

11  88 F.3d 780, 783 (9th Cir. 1996).)  In addition, Rule 12(b) permits the Court, if it chooses,

12  to treat a motion to dismiss under 12(b) (6) as a motion for summary judgment to enable

13  consideration of matters outside the pleading.  (Fed. R. Civ. P.12(b).

14  **A.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT**

15  **BECAUSE EACH OF PLAINTIFF'S THREE CAUSES OF ACTION**
   **ARE   PREMISED ON A THEORY THAT HAS NO SUPPORT IN**

16  **THE LAW AND IS CONTRADICTED BY THE CONTRACT**
   **BETWEEN THE PARTIES, NAMELY THAT PLAINTIFF WAS AN**

17  **"EMPLOYEE" OF CBRBC FOR PURPOSES OF THIRD PARTY**
   **TORT LIABILITY.**

18  Where a plaintiff alleges his claims in a conclusory fashion, the complaint is

19  subject to a Rule 12(b)(6) motion.  (*Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1035

20  (N.D. Cal. 2004) (defendant's motion to dismiss for failure to state a claim granted

21  because the plaintiff failed to allege facts supporting the damages sought).  Courts do not

22  accept as true the pleader's bald assertions and legal conclusions, nor will the court draw

23  unwarranted inferences to aid the pleader.  (*See Associated General Contractors of*

24  *America v. Metropolitan Water Dist. of So. Calif.*, 159 F.3d 1178, 1181 (9th Cir. 1998)

25  (Court affirmed dismissal and held that conclusory allegations of law and unwarranted

26  inferences are not sufficient to defeat a motion to dismiss for failure to state claim); *see*

27  *also Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co., Delta Air*

28  *Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (Unwarranted factual deductions,

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1    inferences, and legal conclusions "masquerading as facts" will not defeat a Rule 12(b)(6)

2    motion).

3        Plaintiff's Complaint incorporates by reference his Independent Contractor

4    Agreement in which his status as an independent contractor is agreed to and

5    memorialized.  California law explicitly permits such an arrangement between real estate

6    brokers and salespersons.  Although salespersons are considered agents of brokers for

7    purposes of tort liability to third parties, there is no authority of the proposition that such

8    liability somehow creates an employment relationship in contradiction of the agreement

9    between the parties, whether for purposes of the expenses of purchasing insurance, or

10   otherwise.  Accordingly, this complaint should be dismissed.

### 1.    Salespersons May Contractually Agree to the Relationship of Independent Contractor With Their Broker, Just As Plaintiff and CBRBC Did Here

13       California law provides that a broker and a real estate salesperson may freely

14   contract between themselves as to their relationship either as employer/employee or as

15   independent contractors.  Business & Professions Code section 10032(b) provides that:

16       A real estate broker and a real estate salesperson licensed under that broker
         may contract between themselves as independent contractors or as
17       employer and employee, for purposes of their legal relationship with and
         obligations to each other.

19   As evidenced by the Independent Contractor Agreement attached to Plaintiff's

20   Complaint as Exhibit "A", this is exactly what occurred here.

### 2.    Plaintiff's Complaint and its Attachments Establish That He Was An Independent Contractor

23       Material properly submitted with the complaint may be considered as part of the

24   complaint for purposes of a Rule 12(b)(6) motion to dismiss.  (*Hal Roach Studios, Inc. v.*

25   *Richard Feiner & Co., Inc*, 896 F.2d 1542, 1555 (9th Cir. 1990); *Kaufman & Broad-South*

26   *Bay v. Unisys Corp.*, 822 F. Supp. 1468, 1472 (ND CA 1993) (documents attached to the

27   complaint and incorporate therein by reference are treated as part of the complaint for

28   purposes of a Rule 12(b)(6) motion).)  Further, the Court may consider the full text of a

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

CASE NO. 08 CV 0817 L AJB

1  document that the complaint quotes only in part.  (*In re Stac Electronic Securities Litig.*,

2  89 F.3d 1399, 1405, fn. 4).)  Plaintiffs may plead themselves out of court by attaching

3  exhibits inconsistent with their claims:  "[W]hen a written instrument contradicts

4  allegations in a complaint to which it is attached, the exhibit trumps the allegations."

5  (*Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754 (emphasis in original;

6  internal quotes omitted); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

7  F.3d 370, 377 (5th Cir. 2004).

8      Here, Plaintiff has conceded that he was not an employee but an independent

9  contractor as described by the Independent Contractor Agreement, attached to the

10  Complaint (Complaint, Ex. A.)  This Agreement established the relationship between

11  Plaintiff and CBRBC as that of "broker/independent contractor, rather than a hiring or

12  employment." (Complaint, Ex. A, p.1, §1.)   Plaintiff admits that he executed the

13  Independent Contractor Agreement on May 23, 2007.  (Complaint, ¶6.)  As the court held

14  in *Gipson v. Davis* (1963) 215 Cal App 2 190, 202 "the relation of the parties to a written

15  contract of employment is prima facie [of] that which is expressed by the terms of their

16  writing."  Moreover, nowhere in the Complaint does Plaintiff provide any facts pleading

17  that the nature of the relationship here was that of employer-employee.

18      **3.**   **Although Plaintiff Apparently Relies on The Fact That a Real**

19      **Estate Salesperson May Be An "Agent" of a Broker for Purposes**
**of Third Party Tort Liability, There is No Authority That This**

20      **Creates an Employment Relationship, Especially When the**
**Parties Have Contracted Otherwise**

21      Plaintiff's Complaint focuses on establishing that brokers are employers of

22  salespersons for purposes of third party tort liability.  While salespersons are agents of

23  brokers in this narrow area, this does not create an employment relationship between

24  them, and there is no authority to the contrary especially where, as here, the parties have

25  specifically declared their relationship to be that of an independent contractor.

26      Real estate salespersons may be considered agents of their broker for purposes of

27  vicarious liability to third parties for torts. *California Real Estate Loans, Inc. v. Clark*

28  *Wallace* (1993) 18 Cal App 4th 1575, 1581.  However, this agency is strictly as regards

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 7 -

1   other parties. *Id.* There is no authority whatsoever that this agency creates an

2   employment relationship between a broker and a salesperson, especially in the face of a

3   contract signed by both parties affirming that their relationship is emphatically not that of

4   employer and employee.

5       Moreover, courts have gone to some lengths to distinguish between "agency" and

6   "employment." In *Gipson v. Davis (1963)* 215 Cal App 2d 190, the court explicitly

7   found that the terms servant (employee) and agent are not synonymous. (*Gipson, supra,*

8   215 Cal App 2d at 205.) That court held that an employee (or servant) is under the

9   absolute control of the employer, while an agent represents another, called the principal,

10  in dealings with third parties. (*Id.*) Further, the agent works not only for, but in place of,

11  the principal. *(Id.)* In this regard, an agent is allowed to exercise some degree of

12  discretion on his dealings with others that employees are not allowed to exercise. *(Id.)*

13      It is precisely because Plaintiff here exercised discretion in his dealings with

14  others, and he was not under the absolute control of a broker in his daily business

15  dealings with clients, that both parties agreed that the relationship was properly

16  characterized as that of independent contractor. The case authority on third party tort

17  liability does not alter this fact. Accordingly, this complaint should be dismissed.

**B.    THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED AS
        THERE IS NOTHING IN THE CONTRACT ATTACHED TO THE
        COMPLAINT WHICH REQUIRES PLAINTIFF TO PURCHASE
        PROFESSIONAL LIABILITY INSURANCE**

21      As set forth above, material properly submitted with the complaint may be considered as

22  part of the complaint for purposes of a rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc.*

23  *v. Richard Feiner & Co., Inc, supra*, 896 F.2d at 1555. The contract attached to the Complaint

24  contains no requirement that Plaintiff purchase professional liability insurance. Accordingly, the

25  first cause of action, which alleges a failure to indemnify employees for such expenses, should

26  be dismissed.

27      Exhibit "A" to the Complaint is the Independent Contractor Agreement between Plaintiff

28  and Defendant. Although Plaintiff's First Cause of Action is premised entirely on Defendant's

- 8 -

1    alleged "failure" to indemnify for the express of professional liability insurance, there is nothing

2    contained in this contract containing any requirement that Plaintiff purchase such insurance.

3    Plaintiff alleges that he was required to purchase out of his own funds insurance "related to

4    claims brought by third parties" for "money damages or rescission" and quotes Schedule C to the

5    Independent Contractor Agreement attached as Exhibit B to the Complaint (Complaint ¶ 7).

6    However there is nothing in the contract requiring Plaintiff to purchase such insurance. Schedule

7    C is an optional program offered for the benefit of Defendant's salesperson wherein professional

8    liability insurance can be purchased at a discount.

9         Schedule C refers to this program as the Coldwell Banker Legal Assistance Program

10   (Complaint, Exhibit "B"). The Schedule lists payments a salesman may make "in order to

11   maintain participation" in the Program. *Id*. Moreover, this agreement specifically provides that

12   CBRBC salespersons "shall be entitled to receive the benefits of the program only if" certain

13   conditions are met, and that the salesperson acknowledges that CBRBC is only able "to offer a

14   program to benefit" salespersons through certain administrative costs that are reimbursed in the

15   program fee.

16        Although the independent contractor agreement does have a specific requirement that

17   salespersons obtain a particular level of automobile insurance (Complaint Exhibit "A," § 5(c)) no

18   such requirement for professional liability insurance is contained therein. That is because there

19   is no such requirement and Exhibit A and B of the Complaint evidence that the purchase of

20   professional insurance through the CBRBC program is strictly optional. Accordingly, the first

21   cause of action should be dismissed in its entirety.

22   **C.    EVEN IF PLAINTIFF WAS AN EMPLOYEE OF CBRBC, THE
           COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE
23         THE STATUTES CITED AS THE BASIS FOR HIS CLAIMS
           PROVIDE NO COGNIZABLE GROUND FOR RELIEF UNDER
24         THE FACTS OF THIS CASE**

25        The Complaint asserts that the Independent Contractor Agreement executed

26   between Plaintiff and CBRBC required Plaintiff to purchase professional and automobile

27   liability insurance to protect Plaintiff or CBRBC or both, from third party claims.

28   (Complaint, ¶¶ 7 & 8.) According to Plaintiff's Complaint, the Independent Contractor

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 9 -

1   Agreement violated California law because "California's labor laws, including, *inter alia*,

2   Labor Code sections 221, 400-410, and section 8 of IWC Wage Order 4-2001, prohibit an

3   employer from making its employees the insurers of the employer's business losses,

4   including losses derived from tort liability to third parties." (Complaint, ¶¶20-23, 25-28.)

5       However, regardless of whether Plaintiff was an employee of CBRBC, all of

6   Plaintiff's statutory claims fail because the cited statutes and Wage Orders are

7   inapplicable on their face to the facts of this case and do not provide Plaintiff with any

8   grounds for relief. Accordingly, this case should be dismissed.

9       **1.   The Court Should Dismiss Plaintiff's First Claim For Failure To**
        **Indemnify Employees For *Professional Liability* Because It Is**
10      **Not Supported By Labor Code Sections 221, 400-410 and Section**
        **8 of Wage Order 4-2001.**
11
12          **a.   Labor Code Section 221 Prohibits Unlawful Kickbacks**
                 **from Employees and is Inapplicable Here**
13      California Labor Code section 221 provides that "[i]t shall be unlawful for any

14  employer to collect or receive from an employee any part of wages theretofore paid by

15  said employer to said employee." This section pertains to an employee's compensation

16  and an employer's payment of wages. *See* Labor Code, Division 2, Part 1, Ch.1. This

17  section was enacted to prohibit an employer from utilizing secret deductions or kickbacks

18  to pay employees less than their stated wages. (*Koehl v. Verio, Inc.*, 142 Cal. App. 4th

19  1313 (2006); *see also Armenta v. Osmose, Inc.*, 135 Cal. App.4th 314 (2005); Ralphs

20  Grocery Co. v. Superior Court, 112 Cal. App. 4th 1090 (2003).) This statute evidences

21  California's public policy against fraud and deceit in an employment relationship.

22  (*Hudgins v. Neiman Marcus Group, Inc.*, 34 Cal. App. 4th 1109 (1995).

23      Plaintiff is not entitled to relief under section 221 because nothing in that section

24  prohibits a real estate broker, such as CBRBC, from entering into an Independent

25  Contractor Agreement with a real estate agent, such as Plaintiff, or addresses in any

26  manner whether such agents can be required to purchase professional liability or

27  automobile insurance. There is no statutory basis here for any claim based on the facts

28  alleged in the Complaint, and this cause of action should be dismissed for that reason.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 10 -

1

**b.    Labor Code Sections 400-410 Relates to Employers Improperly Requiring that Employees Post Bonds and is Inapplicable Here**

2

3       California Labor Code sections 400 – 410 addresses privileges and prerequisites in

4  the employer-employee relationship.  (Labor Code, Division 2, Part 1, Ch.1.)

5  Specifically, Labor Code sections 400 through 410 apply to employment bonds.  Section

6  400 defines "applicant" as an applicant for employment.  (Cal. Lab. §400.)  Section 401

7  states that if an employer requires an employee to obtain a bond or photograph, the cost

8  must be paid by the employer.  (*Id.* §401.)  Section 402 prohibits an employer from

9  accepting any cash bond from an employee or applicant, except for limited

10 circumstances.  (*Id.* §402.)  Sections 403 through 406 prescribe an employer's obligations

11 in handling, maintaining and returning cash received as a bond.  (*Id.* §§403-406.)  Section

12 407 makes it illegal for an employer to require an employee to invest in a business in

13 connection with obtaining employment.  (*Id.* §407.)  Sections 408 through 410 address

14 enforcement, and violations, of sections 401 through 407.  (*Id.* §§408-410.)

15      Plaintiff is not entitled to relief under Labor Code sections 400 through 410 -

16 nothing in these sections prohibit real estate brokers and agents from contracting as

17 principal and independent contractor.  Further, those sections do not prevent brokers from

18 requiring that its agents purchase professional liability insurance to protect both of them

19 against third party torts claims.  In fact, if it did, it would contradict California Business

20 & Professions Code section 10032(B), which provides that: "A real estate broker and a

21 real estate salesperson licensed under that broker may contract between themselves as

22 independent contractors or as employer and employee, for purposes of their legal

23 relationship with and obligations to each other." (*See* Cal. Bus. & Prof. §10032(B).

24 There is no statutory basis here for any claim based on the facts alleged in the Complaint,

25 and this cause of action should be dismissed for that reason.

26

27

28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 11 -

**c.    Section 8 of IWC Wage Order 4-2001 Governs Charging Employees For Breaking Equipment and Has No Applicability Here**

Section 8 of IWC Wage Order 4-2001 prohibits an employer from taking wage deductions to compensate for cash shortages and breakage. It provides: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee." (IWC Wage Order 4-2001, Section 8.) This regulation clearly does not control whether a broker can require a real estate salesperson to purchase liability insurance.

Accordingly, neither Labor Code sections 221 and 400 through 410, nor the cited Wage Order provide any legal basis for Plaintiff's first claim for failure to indemnify employees for professional liability expenses. Accordingly, this Court should dismiss this claim.

**2.    The Court Should Dismiss Plaintiff's Second Claim For Failure To Indemnify Employees For *Automobile Liability* Insurance Because It Is Not Supported By Labor Code Sections 221, 400-410 and Section 8 of Wage Order 4-2001.**

The same reasons set forth above for dismissal of the First Cause of Action for failure to indemnify for professional liability insurance are equally applicable to the Second Cause of Action for failure to indemnify for automobile insurance.

As stated above, California Labor Code section 221 makes it unlawful for an employer to collect or receive any part of an employee's wages. *See* Cal. Lab. §221. Plaintiff is not entitled to relief under this section because section 221 does not prevent a real estate broker from requiring that its salespeople purchase automobile insurance to protect both against third party tort claims.

California Labor Code sections 400 through 410, relate to an employee's purchase of a bond or investment in the employer's business. Nothing in sections 400 through 410 prohibit real estate brokers and agents from contracting as principal and independent

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1    contractor.  Those sections also do not prevent brokers from requiring that its agents

2    purchase automobile insurance to protect them against third party tort claims.

3    　　　Similarly, Section 8 of IWC Wage Order 4-2001, which addresses the prohibition

4    against an employer's wage deductions to compensate for cash shortages and breakage,

5    does not entitle Plaintiff to relief.  *See* IWC Wage Order 4-2001, Section 8.  The

6    Independent Contractor Agreement executed between CBRBC and Plaintiff required

7    Plaintiff to purchase automobile insurance.  It does not relate in any manner to unlawful

8    payments for breakage of equipment.

9    　　　Thus, Labor Code sections 221, 400 through 410, and section 8 of IWC Wage

10    Order fail to provide legal authority for Plaintiff's second cause of action for failure to

11    indemnify employees for automobile liability expenses.  CBRBC respectfully requests

12    that the Court dismiss Plaintiff's second claim with prejudice.

13    　　　　　**3.** 　　**The Court Should Dismiss Plaintiff's Third Claim For Unlawful
14    　　　　　　　　and Unfair Business Acts and Practices in Violation of
　　　　　　　　California Business & Professions Code §17200, *et seq.*

15    　　　Plaintiff's third claim alleges that CBRBC violated section 17200 of California

16    Business & Professions Code known as the Unfair Competition Law ("UCL") by

17    requiring Plaintiff to purchase professional and automobile liability insurance.

18    (Complaint, ¶¶30-37.)  Plaintiff has not adequately pleaded such a claim here.

19    　　　Section 17200 provides:

20    　　　　"As used in this chapter, unfair competition shall mean and include any
21    　　　　unlawful, unfair or fraudulent business act or practice and unfair, deceptive,
　　　　untrue or misleading advertising and any act prohibited by Chapter 1
22    　　　　(commencing with §17500) of Part 3 of Division 7 of the Business and
　　　　Profession Code."

23

24    (Cal. Bus. & Prof. §17200.)  Plaintiff is claiming CBRBC's practices are both "unlawful"

25    under the above statute (Complaint, ¶ 31), and "unfair." (Complaint, ¶ 33).

26

27

28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1        **a.**    **Plaintiff Has Not Properly Plead that CBRBC Has Violated Any Statute So Its Conduct Cannot be "Unlawful" Under the UCL**

3        In order to meet the "unlawful" prong of Business and Professions Code § 17200,

4    Plaintiff will have to demonstrate that CBRBC violated a statute.  As set forth above,

5    plaintiff has not set forth any statutory violation whatsoever by CBRBC.  Accordingly,

6    there can be no basis for relief under the "unlawful" prong of the statute.

7        The "unlawful" portion of section 17200 makes a violation of the underlying law a

8    per se violation of section 17200.  (*Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002); *Cel-*

9    *Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180

10    (1999).  Section 17200 "borrows" violations of other laws and treats them as unlawful

11    practices independently actionable under section 17200.  *Farmers Ins. Exch. v. Sup. Ct.*, 2

12    Cal. 4th 377, 383 (1992).

13        However, it is settled law that when the Complaint fails to state a violation of

14    underlying law, the section 17200 claim on which it is premised fails too.  *Van Ness v.*

15    *Blue Cross*, 87 Cal. App. 4th 364, 376-377 (2001) (dismissal of contract and bad faith

16    claims results in dismissal of section 17200 claim); *Krantz v. BT Visual Images*, 89 Cal.

17    App. 4th 164, 178 (2001) (UCL claim that was dependent on other claims, such as breach

18    of the covenant of good faith and fair dealing was dismissed where summary judgment

19    motion resulted in the dismissal of the other claims); *Denbicare U.S.A., Inc. v. Toys "R"*

20    *US, Inc.*, 84 F.3d 1143, 1152 (9th Cir. 1996) (dismissal of Lanham Act claim results in

21    dismissal of UCL claim).  As set forth above, none of the statutes cited by Plaintiff have

22    anything to do with the claims asserted in the Complaint.  Accordingly, Plaintiff cannot

23    assert that CBRBC has engaged in "unlawful" conduct under the UCL.

24        **b.**    **Plaintiff Has Not Properly Plead that CBRBC's Conduct is "Unfair" Under the UCL**

26        To determine if an act or practice is unfair, courts "must weigh the utility of the

27    defendant's conduct against the gravity of the harm of the alleged victim." *Tyco Int'l*

28    *Co. v. Supt. Ct. (Allegro)*, 45 Cal. App. 4th 1093, 1104 (1996); *see also People v. Casa*

- 14 -

1    *Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984) ("An unfair

2    business practice occurs when it offends an established public policy or when the practice

3    is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers").

4    Further, to show that a business practice is not "unfair," the defendant may prove the

5    reasons, justifications, and motives for the business practice. *(Motors, Inc. v. Times-*

6    *Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980).)

7         In the instant case, Plaintiff alleges that CBRCB required it to purchase

8    professional and automobile liability insurance.  This practice is hardly "unfair."

9    Plaintiff's relationship with CBRBC, was properly defined as that of a independent

10   contractor relationship.  Under this type of relationship, it is not unusual for a principal to

11   request that the independent contractor purchase insurance to protect not only the

12   independent contractor, but the principal as well.  The benefit of the insurance's

13   protections to both a real estate salesperson and broker outweighs whatever particular

14   harm or impact Plaintiff claims it may cause to the salesperson.  *See Motors, Inc. v.*

15   *Times-Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980) (If the "utility of the conduct clearly

16   justifies the practice, no more than a simple motion for summary judgment would be

17   called for.")

18        c.    **Plaintiff Has Not Properly Alleged Any Injury in Fact So**
              **He May Not Assert a Claim Under the UCL**
19

20        Finally, under Proposition 64 passed by California's voters in 2004, a plaintiff

21   only has standing to bring a claim under Business and Professions Code § 17200 if he or

22   she has suffered "injury in fact and has lost money or property as a result of such unfair

23   competition."  Business & Professions Code § 17204.  The requirement that a plaintiff

24   have suffered "injury-in-fact" means that the plaintiff must allege that he has suffered an

25   "out of pocket" loss.  *(Akkerman v. Mecta Corp., Inc.*, 152 Cal.App.4[th] 1094, 1098

26   (2007).)  A plaintiff must plead and prove that he has suffered injury in fact *and* that he

27   has lost money or property.  *(Daro v. Superior Court*, 151 Cal.App.4[th] 1079, 1098

28   (2007).)

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- 15 -

1        In this case, Plaintiff claims only that for one year, May 23, 2006 through June 1,

2    2007, he purchased professional and automobile liability insurance to protect himself and

3    CBRBC from third party claims.  (Complaint, ¶¶6-8.)  Unless plaintiff can allege that he

4    was not otherwise required to purchase such insurance, or that he received no benefit

5    from purchasing this insurance, he cannot plead that he suffered an injury in fact

6    sufficient to assert a claim under the unfair competition laws.

7    **IV.**    **CONCLUSION**

8        Plaintiff and CBRBC executed an Independent Contractor Agreement.  Under this

9    Agreement, CBRBC and Plaintiff agreed that their relationship was not that of employer

10   and employee but that of independent contractors.  California law specifically authorizes

11   such an arrangement.  Plaintiff cannot be permitted to re-write this entire agreement

12   based on vicarious liability concepts having nothing to do with the essential relationship

13   between the parties.  This motion should be granted without leave to amend.

14

Dated:  July 7, 2008                              GORDON & REES LLP

15

16                                                           By:    s/Calvin E. Davis
                                                                      CALVIN DAVIS
17                                                                    YESENIA M. GALLEGOS
                                                                      Attorneys for Defendant Coldwell
18                                                                    Banker Residential Brokerage
                                                                      Company
19                                                                    E-mail:  cdavis@gordonrees.com

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

CASE NO. 08 CV 0817 L AJB

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, Suite 4900, Los Angeles, CA 90071. On July 7, 2008, I served the within documents:

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BY DEFENDANT COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒ by transmitting via electronically the document(s) listed above to the e-mail(s) address(es) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Brent Jex, Esq.
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
E-mail: bjex@kmb-law.com
Tel: (858) 552-6750
Fax: (858) 552-6749

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed July 7, 2008 at Los Angeles, California.

Sandy Halvorsen
Sandy Halvorsen

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

RLGY/1051358/5787882v.1