UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CLAVER, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>              Plaintiff,<br><br>v.<br><br>COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, a California corporation,<br><br>              Defendant, | Civil No. 08cv817-L(AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Pending before the court is Defendant's motion to dismiss complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **GRANTED LEAVE TO AMEND**.

Plaintiff is a real estate salesperson and Defendant is a real estate broker. They entered into a contract whereby Plaintiff was to list and sell residential real estate exclusively on behalf of Defendant. Plaintiff filed a complaint alleging that Defendant violated California Labor Code Sections 221 and 400 though 410 as well as the Industrial Welfare Commission ("IWC") Order No. 4-2001 ("Wage Order 4-2001"). Defendant allegedly required him and others to purchase automobile and professional liability insurance in order to indemnify Defendant in case of any third-party claims. In addition, Plaintiff alleged that this constituted unlawful and unfair

business practice in violation of California Business and Professions Code Sections 17200 *et seq*. ("Unfair Competition Law" or "UCL").

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. The "complaint must, at a minimum, plead 'enough facts to state a claim for relief that is plausible on its face.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___; 127 S. Ct. 1955, 1974 (2007).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

Defendant argues that the complaint should be dismissed. The alleged labor law violations are possible only if Plaintiff was Defendant's employee rather than an independent contractor.[1] *See* Cal. Labor Code §§ 221 & 400-410; Wage Order 4-2001. The contract between Plaintiff and Defendant specifically provided that Plaintiff was an independent contractor and not an employee (*see* Compl. Ex. A), and California Business and Professions Code Section 10032(b) authorizes such contracts. Nevertheless, Defendant has not cited any authority to

---

[1] The parties do not dispute that Plaintiff must be Defendant's employee to be able to recover under the alleged labor law claims.

conclusively negate the possibility of an employment relationship. Neither the California Labor Code nor the IWC defines the terms "employee" and "independent contractor" for purposes of the claims asserted in the Complaint. *See Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007); Wage Order 4-2001 ¶ 2(F). The relevant determination is made based on a fact intensive analysis. *See Estrada*, 154 Cal. App. 4th at 10 (listing factors). A contract designating a contracting party as an independent contractor and not an employee does not *per se* negate a finding of an employment relationship. *See id.; see also Real v. Driscoll Strawberry Assoc., Inc.*, 603 F.2d 748, 775 (9th Cir. 1979).

Defendant next maintains that the first cause of action pertaining to the professional liability insurance should be dismissed for failure to adequately allege that Defendant required Plaintiff to purchase the insurance. Specifically, Defendant argues that Exhibit B to the complaint contradicts the allegations. Plaintiff alleged that he was "required to purchase, and did in fact purchase out of [his] own personal funds, insurance and/or indemnification related to legal claims brought by third parties against [Defendant] or Plaintiff . . . or both . . .." (Compl. at 2; *see also id*. at 7 ("Defendant . . . required Plaintiff . . . to become then direct or indirect insurer[] of Defendant against losses from third party tort liability by requiring Plaintiff . . . to purchase insurance for Defendant's benefit.").) Although the complaint refers to Exhibit B (*id*. at 2-3), this information does not appear there. However, contrary to Defendant's argument, Exhibit B is silent on the issue rather than contradictory. Accordingly, Defendant's argument is rejected.

Last, Defendant argues that the Complaint should be dismissed because it only conclusively alleges that Plaintiff was an employee and does not attempt to allege any facts in support of various factors relevant to distinguishing employees from independent contractors. In response, Plaintiff maintains he was an employee as a matter of law, because in California, "for purposes of liability to third parties for torts, a real estate salesperson is the agent of the broker who employs him or her" and not an independent contractor. *Cal. Real Estate Loans, Inc. v. Wallace*, 18 Cal. App. 4th 1575, 1581 (1993). Accordingly, "[t]he broker is liable as a matter of

/ / / / /

law for all damages caused to third persons by the tortious acts of the salesperson committed within the course and scope of employment." *Id.*

This argument is unpersuasive. Plaintiff cites no legal authority, and the court is aware of none, where this concept is extended, as suggested by Plaintiff, beyond the third party's right to recover tort damages from the broker. Furthermore, Plaintiff's interpretation of this legal authority appears to be at odds with California Business and Professions Code Section 10032(b), which expressly permits a broker and a salesperson licensed under that broker to contract between themselves as independent contractors "for purposes of their legal relationship with and obligations to each other." Section 10032(b) was expressly intended to not interfere with the broker's vicarious liability for a salesperson's tortious acts. *See Wallace*, 18 Cal. App. 4th at 1581 & n.2.

To establish he was Defendant's employee Plaintiff must therefore meet the common law definition. *See Estrada*, 154 Cal. App. 4th 10. The federal pleading standard is not onerous:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl.,* 127 S. Ct. at 1964-65. Plaintiff's conclusory allegation that he was Defendant's employee, without more, does not meet this pleading standard. The court therefore finds that Plaintiff does not sufficiently allege his labor law claims.

Defendant also moves to dismiss Plaintiff's UCL claim. The Unfair Competition Law prohibits unlawful, unfair or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. "[I]t establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The complaint alleges the UCL claim under the unlawful and unfair prongs.

/ / / / /

"An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Yolo County Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiff alleges that Defendant's practices or acts were "unlawful" because they violated California labor laws. As discussed above, Plaintiff did not sufficiently allege the labor law claims. Accordingly, his UCL allegations fail to the extent they rely on the labor law violations.

Plaintiff also alleges that Defendant's acts or practices were unfair. "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).

Defendant argues that the claim should be dismissed because Plaintiff lacks standing. "[A] private person has no standing under the UCL unless that person can establish that the injury suffered and the loss of property or money resulted from conduct that fits within one of the categories of 'unfair competition' in section 17200." *Daro v. Super. Ct. (Foy)*, 151 Cal. App. 4th 1079, 1098 (2007); Cal. Bus. & Prof. Code § 17204. Plaintiff alleges that the unfair practice was Defendant's requirement to purchase professional liability and automobile insurance in part for Defendant's benefit, when Defendant allegedly should not have passed these business expenses on to Plaintiff. As a result, Plaintiff seeks to recover the amount paid for additional automobile insurance for Defendant's benefit, and the money paid to Defendant to obtain the professional liability policy. (Compl. at 10.) The foregoing allegations are sufficient to establish standing under section 17200.

Defendant also maintains that its insurance requirements were not unfair for purposes of section 17200, because Plaintiff benefitted at least in part from the policies. "[W]hether a business practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer." *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007). Accordingly, granting a Rule 12(b)(6) motion to dismiss under UCL is appropriate only in rare

situations. *Williams v. Gerber Prod. Co.,* 552 F.3d 934, 938-40 (9th Cir. 2008). Defendant does not contradict this. To the contrary, it argues that "to show that a business practice is not 'unfair,' the defendant may prove the reasons, justifications, and motives for the business practice." (P.&A. in Supp. of Mtn. to Dismiss at 15, citing *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980).) A Rule 12(b)(6) motion does not provide an opportunity for Defendant to go beyond what is alleged in the complaint

Based on the foregoing, Defendant's motion to dismiss is granted as to all claims except for the UCL claim to the extent it is based on the allegation of unfair business practices. Plaintiff requested leave to amend the complaint to the extent the motion is granted.

Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the foregoing factors, the "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. (citation omitted). Defendant has not indicated that it would be prejudiced by leave to amend and has made no showing on the remaining *Foman* factors; accordingly, Plaintiff's request for a leave to amend is **GRANTED**.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** It is granted with respect to the first two causes of action for labor law violations, and denied with respect to the third cause of action.

/ / / / /

/ / / / /

1    2. Plaintiff is granted **LEAVE TO AMEND** complaint with respect to the deficiencies
2 discussed above. If Plaintiff chooses, he may add a cause of action for violation of California
3 Labor Code Section 2802.
4    3. The amended complaint, if any, shall be filed and served no later than 15 days after
5 this order is stamped filed. Any response shall be filed and served as provided in Rule 15(a)(3).
6    **IT IS SO ORDERED**.

8 DATED: March 25, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL