UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CLAVER, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, a California corporation,<br><br>Defendant. | Civil No. 08cv817-L(AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENTER PARTIAL JUDGMENT UNDER RULE 54(b)** |

Pending before the court is Plaintiff's motion to direct entry of the March 25, 2009 order as a partial judgment pursuant to Federal Rule of Civil Procedure 54(b). For the reasons which follow, the motion is **DENIED**.

Plaintiff is a real estate salesperson and Defendant is a real estate broker. They entered into a contract whereby Plaintiff was to list and sell residential real estate exclusively on behalf of Defendant. Plaintiff filed a complaint alleging that Defendant violated California Labor Code Sections 221 and 400 though 410 as well as the Industrial Welfare Commission ("IWC") Order No. 4-2001 ("Wage Order 4-2001"). Defendant allegedly required him and others to purchase automobile and professional liability insurance to indemnify Defendant in case of any third-party claims. In addition, Plaintiff alleged that this constituted unlawful and unfair business practice

in violation of California Business and Professions Code Sections 17200 *et seq*. ("Unfair Competition Law" or "UCL").

Defendant filed a Rule 12(b)(6) motion to dismiss the complaint. On March 25, 2009 the court granted in part and denied in part Defendant's motion. The court rejected Plaintiff's argument that he was Defendant's employee as a matter of law, and granted the motion with leave to amend to the extent the claims relied on Plaintiff's assertion of employment relationship as a matter of law. On April 9, 2009 Plaintiff filed an amended complaint and re-alleged the same causes of action based on employment allegations under the common law standard, *see Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007).[1] Subsequently, Plaintiff filed the instant motion to have the March 25 order entered as final judgment for purposes of appeal as provided by Rule 54(b).

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The power to enter partial final judgment "is largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993)(citations and quotation marks omitted). In *Morrison-Knudsen Co., Inc. v. Archer*, the Ninth Circuit elaborated on the requirements of Rule 54(b):

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate

---

[1] For reasons not explained in Plaintiff's papers, the also re-alleged his theory of employment relationship as a matter of law.

> court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

655 F.2d 962, 965 (9th Cir. 1981).

Plaintiff argues that partial final judgment should be entered because he wishes to appeal the issue whether he was an employee as a matter of law, the remaining claims do not present the same issues, and because the issue of employment as a matter of law under the circumstances of this case presents an issue of first impression under California law. (Pl.'s Mem. of P.&A. at 6.) Plaintiff's arguments are unavailing.

If the court were to grant the motion, Plaintiff could appeal his labor law claims to the extent they are based on the theory of employment as a matter of law. Remaining for decision in this court and on a possible later appeal would be the same claims to the extent they are based on the common law employment theory. Although these legal theories differ with regard to some legal and factual issues which pertain to the existence of the employment relationship, other issues pertaining to the application of California Labor Code Sections 221 and 400 though 410 and Wage Order 4-2001 as well as the factual basis for the alleged violations are the same. Accordingly, granting Plaintiff's motion would result in piecemeal appeals in this case and would be improvident. *See Wood v. GCC Blend, LLC*, 422 F.3d 873 (9th Cir. 2005). Furthermore, the partial adjudication of a single claim would not be appealable regardless of a Rule 54(b) certification." *Id*. at 880 n.3.

Plaintiff further argues that denying his motion would result in prejudice because he may be required to litigate the case to final resolution before appealing. Far from being the unusual case, this is the ususal case where some issues are adjudicated earlier than others. Plaintiff has failed to make the requisite showing of no just reason for delay.

/ / / / /
/ / / / /
/ / / / /
/ / / / /

For the foregoing reasons, Plaintiff's motion to enter partial judgment under Rule 54(b) is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 8, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL